OPINION
Appellant State of Ohio, pursuant to App.R. 5, appeals the decision of the Fairfield County Court of Common Pleas that terminated Appellee Edna Engle's term of probation. Proceedings involving appellee have been extensive, including a conviction for murder and other offenses. The Ohio Supreme Court reversed appellee's murder conviction. Following remand, on October 28, 1996, appellee pled no contest to a reduced charge of involuntary manslaughter and ten other felonies. The trial court conducted a sentencing hearing on December 16 and 17, 1996. Following this hearing, the trial court placed appellee on five years probation or until further notice of the court. The instant appeal emanates from a Motion to Revoke Probation filed April 12, 1999. This motion alleged violations of specific terms of appellee's probation. After delays, including appellee's failure to appear, the trial court heard appellant's motion on July 16, 1999. It is from a judgment entry filed July 26, 1999, terminating probation, that this appeal is perfected by Appellant State of Ohio. Appellant assigns a single error for our consideration:
 I. THE TRIAL COURT'S DECISION TERMINATING APPELLEE'S PROBATION AFTER FINDING THAT APPELLEE HAD VIOLATED SEVERAL TERMS OF HER PROBATION WAS CONTRARY TO LAW AND AN ABUSE OF DISCRETION.
 I
In its sole assignment of error, appellant contends the trial court erred and abused its discretion when it terminated appellee's probation after it found that appellee had violated several terms of her probation. We disagree. At the time of the plea bargaining and sentencing, the trial court executed an extensive judgment entry outlining specific treatment to be accorded appellee as part of her probation and supervision. Included in this specific treatment were recommendations of psychotherapy for severely battered women and treatment for significant anxiety and depression. The trial court also ordered that she be given credit, upon any further incarceration, for fifty-seven months of custodial time. The gravamen of the challenge of the state, to the instant order, is that even though the trial court found appellee violated specific terms of her probation, the trial court still terminated appellee's probation. We find the claim that the order is contrary to law does not avail. R.C. 2951.09 addresses when a judge or magistrate may terminate probation and provides, in pertinent part: * * * When the ends of justice will be served and the good conduct of the defendant so held warrants it, the judge or magistrate may terminate the period of probation. * * *
The trial court found appellee violated three specific terms of her probation. First, appellee changed her address without notifying the trial court. Second, appellee stopped reporting to her probation officer as of December 1998 and her whereabouts were unknown. Third, appellee missed a scheduled court hearing. Judgment Entry, July 26, 1999, at 1. The state cites no authority, and we find none, holding that a violation of a term of probation ipso facto, as a matter of law, prohibits the trial court from exercising discretion. We hold that in the monitoring and control of probation, and its terms, the trial court has broad discretion to weigh the competing interests and rule accordingly. In addressing the question of whether the trial court abused its discretion, the appellate court's standard of review is classic. We are authorized to find an abuse of discretion only where the trial court's decision is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. In the case sub judice, it is apparent that Judge Fred J. Shoemaker, who was assigned to this case from a very early date, addressed inordinate attention to the facts and circumstances surrounding the original sentencing, appellee's failures and modest successes during probation, and the reasons why appellee did not literally comply with some of the terms of her probation. Judge Shoemaker's explanation, for her defalcations, is revealing: However, the evidence proved, beyond any reasonable doubt, that defendant was complying with all of her probation terms until her sons, namely, Rodney and Johnny, threatened that they would have her returned to prison for probation violations unless she gave them money for beer. Rodney and Johnny brutalized defendant. For example, they burned her arm with cigarettes, trashed her apartment including breaking windows, furniture and tearing out her telephone. Among other things, they physically brutalized Edna including hitting her and throwing her in mud puddles on the ground.
* * *
After hearing and weighing all the testimony, and giving substantial weight to the testimony of Dr. Haskins, the court announced from the bench that he is terminating defendant's probation.
Defendant is the most brutalized human being I have ever judged. Despite Rodney's and Johnny's horrible actions, she still loves them and does not want them to go to jail. When it comes to her husband and children, Edna is the most brutalized, meek, numb and pathetic human being I have ever met. Judgment Entry, July 26, 1999, at 1-2.
We find, based on the record, the trial court exercised sound discretion in terminating appellee's probation. Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
 __________________________________ MILLIGAN, V. J.
GWIN, P.J., and FARMER, J., concur.